DÍAZ ET AL., PETICIONARIOS Y APELADOS, *v.* CIVIDANES, OPOSITOR Y APELANTE.

Apelación procedente de la Corte de Distrito de Guayama en procedimiento de administración judicial: Incidente de rendición de cuentas.

No. 1659.—Resuelto en junio 19, 1917.

ADMINISTRACIÓN JUDICIAL—EXAMEN DE CUENTAS DE UN ADMINISTRADOR INTERINO—RECONSIDERACIÓN DE RESOLUCIONES—APELACIÓN.—Una orden en pro-

cedimiento de administración judicial por la que se niega a un opositor la reconsideración y modificación de los términos o condiciones por virtud de los cuales le fué concedida la reconsideración de dos resoluciones dictadas un año antes por las que, en relación con las cuentas presentadas por el administrador interino para su arreglo definitivo y después de examinarlas el juez se ordenó en la primera fueran requeridas las partes interesadas para que manifestaran si estaban conformes en que se hiciera al administrador una remuneración adicional por sus servicios, y en la segunda librándole de toda responsabilidad, con cancelación de la fianza prestada, por no haber habido reclamación contra él, no es una sentencia definitiva, por lo que una apelación contra dicha orden debe perfeccionarse dentro de los diez días que concede el párrafo 3 del artículo 295 del Código de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. C. Domínguez Rubio, Miguel Zavaleta y Eduardo Acuña.*

Abogado de los apelados: *Sr. Tomás Bernardini de la Huerta.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En mayo 26, 1915, fué nombrado Rafael Palés Díaz administrador judicial de los bienes de la herencia de Doña Rufina Molinaris y Sánchez por resolución de la Corte de Distrito de Guayama contra la cual interpuso apelación el viudo Don Manuel Cividanes. Genaro Cautiño fué nombrado entonces administrador interino mientras se resolvía la apelación cuyo cargo desempeñó hasta el 22 de diciembre de dicho año, en cuya fecha renunció dicha administración con la súplica de que fueran aprobadas sus cuentas. Al día siguiente fué nombrado Rafael Palés Díaz con el mismo carácter de administrador interino.

En una resolución de fecha diciembre 27 se describe el resultado obtenido por el juez de distrito después de examinar los libros, libretas, cheques cancelados, correspondencia y cuentas de la administración entregada por el Sr. Cautiño, en la cual se le concede cierta suma por sus honorarios, habla de la insuficiencia de dicha remuneración, sugiere la conveniencia de aumentarle dichos honorarios con la aprobación de todas las partes interesadas, y ordena que sean requeridos dichos

co-partícipes para que manifiesten si están conformes en que se haga dicha remuneración adicional.

En otra resolución que fué dictada en enero 31, 1916, se dice en parte lo siguiente:

"Por cuanto: El Sr. Genaro Cautiño renunció el nombramiento de administrador interino que se le había conferido por esta corte como administrador de los bienes dejados por Doña Rufina Molinaris de Cividanes, haciéndose necesario el nombramiento de otra persona y nombrando la corte al Sr. Rafael Palés Díaz para sustituirle como tal.

"Por cuanto: Según informes de dicho administrador interino Sr. Palés Díaz, se ha hecho cargo por entrega que le hiciera el señor Cautiño de todos los bienes pertenecientes a la administración judicial, notándose al momento de dicha entrega gran mejoramiento en dichos bienes, efectuados por la administración del Sr. Cautiño.

"Por cuanto: no ha habido reclamación alguna contra dicho señor Cautiño por los interesados:

"Por tanto: la corte libera a dicho señor Cautiño de toda responsabilidad por dicha administración y cancela la fianza prestada a favor de él para garantir las gestiones que como tal administrador hiciera."

En 14 de octubre, 1916, y estando pendientes de aprobación las cuentas rendidas por Palés como administrador interino, el Sr. Cividanes que de acuerdo con la sentencia de esta corte había asumido los deberes de administrador judicial presentó una moción en la Corte de Distrito de Guayama para que fuera requerido Cautiño para que dentro de breve término presentara sus cuentas como antecesor de Palés en la administración interina o que si dichas cuentas habían sido presentadas, de las cuales alegó que no tenía conocimiento Cividanes, que se les entregaran para su examen. Por orden del juez fué notificado el Sr. Cividanes que las cuentas de Cautiño estaban archivadas en la oficina del secretario desde la fecha de su renuncia.

El día 5 de octubre el apelante pidió a la corte que de conformidad con el artículo 55 de la Ley de Procedimientos Legales Especiales citara a todas las partes interesadas en los

bienes de la herencia para el arreglo definitivo de las cuentas de Cautiño, ordenando nuevamente la corte que se notificara al peticionario que las cuentas en cuestión habían sido presentadas debidamente y desde la fecha de dicha presentación habían estado y estaban a la disposición de los interesados y para su examen en la oficina del secretario.

En enero 31, 1917, el apelante volvió a presentar una moción para que se suspendiesen los efectos de la resolución dictada en enero 31, 1916, y que se requiriera a Cautiño para rendir sus cuentas en debida forma, dándose una oportunidad a Cividanes para impugnarlas.

La resolución de la corte en su parte pertinente es como sigue:

"En cuanto a la segunda parte de la petición, o sea que se permita al peticionario Sr. Cividanes examinar las cuentas del Sr. Cautiño, presentadas y archivadas en esta corte, la corte resuelve autorizar al Sr. Manuel Cividanes para examinar esas cuentas y para tomar todos los datos que de ellas crea necesarios, para examinar los balances que aparecen de los libros, pero entiende la corte que estas cuentas, habiendo sido presentadas a su tiempo y expuestas en secretaría por el tiempo que la ley requiere y habiendo sido aprobadas por la corte después de estar expuestas al público, publicadas y notificadas por medio de un anuncio en la pizarra de los pasillos de esta corte la presentación de estas cuentas, y no habiéndose hecho impugnación alguna a las mismas, entiende la corte que es muy tardía la petición que se hace de que se permita impugnar estas cuentas en este momento, después que las partes tuvieron todas las oportunidades para hacer las impugnaciones que estimare oportunas."

Pero todavía el apelante en otra moción que es sustancialmente idéntica alega ciertos fundamentos adicionales, los cuales son somo sigue:

"Que para el día de hoy está señalada la impugnación relativa a una parte de la cuenta presentada por el Sr. Palés en la administración judicial arriba titulada.

"Que la primera cuenta que aparece impugnada es la cuenta del Banco Crédito y Ahorro Ponceño, y la primera impugnación se relaciona con la forma y manera en que dichas cuentas han sido llevadas y la dificultad que ha tenido el opositor para hacer una

impugnación sólida a la misma, y ello se debe a que la contabilidad del Sr. Palés no puede decirse a ciencia cierta que arrancara de los saldos o balances de la cuenta presentada por el Sr. Cautiño.

"Que la cuenta del Sr. Cautiño está aprobada por esta Hon. Corte sin audiencia de los interesados, y aunque la presunción es a favor de la misma, el compareciente desea tener una oportunidad de examinar e impugnar dichas cuentas o hacer que se corrijan en ellas defectos que pueden facilitar mucho el examen de la cuenta del Sr. Palés, pero no puede hacerlo sin que V. H. suspenda su resolución aprobando tales cuentas y permita al Sr. Cividanes entrar en las mismas, examinarlas, ver sus saldos y balances y arrancar de ellos para la contabilidad llevada por el Sr. Palés."

La corte entonces y asimismo en enero 31, 1917, hace la siguiente relación de los hechos, accediendo a lo solicitado con las condiciones consignadas en la orden, a saber:

"La corte ha oído la moción y ha oído a la parte.

"Es el deseo de la corte dar a todas las partes una oportunidad para que en este caso se vaya al fondo de todo; se examine el fondo de todo.

"La corte va a acceder a lo solicitado pero entiende que debe notificarse de esta moción, con copia del informe al Sr. Cautiño, puesto que se impugna la capacidad del Sr. Cautiño como administrador y él debe tener una oportunidad de defenderse.

"Al presentarse las cuentas el Sr. Cautiño, se manifestó a la corte que no se podía hacer un balance porque el Sr. Cividanes se negaba en absoluto a entregar los libros de su administración y los comprobantes de los mismos, de modo que el Sr. Cividanes no puso al Sr. Cautiño en condiciones de dar un balance exacto porque se negó a entregar esos libros.

"La corte entiende que debe acceder a lo solicitado y accede a ello, y debe notificarse con copia de esta moción al Sr. Cautiño para su conocimiento a fin de que pueda venir a la corte a exponer los motivos que tuvo para no cerrar los balances. Entiende la corte, por consiguiente, que debe librar la siguiente

### Orden

"Que se requiera el Sr. Cautiño para que comparezca ante esta corte el día cinco (5) de febrero de 1917, a presentar los motivos que tuvo para no poner las cuentas en la forma que lo requiere el Sr. Cividanes, y asimismo se ordena que el Sr. Cividanes, dentro del

término de tres días, a contar de hoy, ponga a disposición del Sr.
Cautiño todos los libros que tuvo durante su administración con an-
terioridad al Sr. Cautiño, con sus comprobantes, cuentas y demás
papeles, de modo que el Sr. Cautiño pueda al empezar sus cuentas,
arrancar no de los encabezamientos que entregó el Sr. Cividanes, sino
de las cuentas que realmente eran, como se alega por el abogado
del Sr. Cividanes."

En febrero 21 el apelante presentó una moción a la corte
para que reconsiderara y modificara la orden dictada en úl-
timo término, habiéndose interpuesto esta apelación contra una
orden de fecha febrero 24, de la cual fué notificado el apelante
en el mismo día en que se niega dicha moción.

El escrito de apelación fué notificado en marzo 13, y ha-
biendo sido notificada una moción sobre desestimación de la
apelación para ser vista el día 11 de junio, fué señalada por
esta corte para el día 12, o sea el día que estaba fijado para la
vista de la apelación.

Esta moción se funda en el párrafo 3 del artículo 295 del
Código de Enjuiciamiento Civil, el cual, en tanto es perti-
nente, prescribe lo siguiente:

"Artículo 295.—Podrá establecerse apelación para ante el Tribu-
nal Supremo contra las resoluciones de las cortes de distrito en los
casos siguientes:

"1. De una sentencia definitiva pronunciada en un pleito o pro-
cedimiento especial, comenzado en la corte que la hubiere dictado,
dentro de un mes después de haberse registrado la sentencia.

  *    *    *    *    *    *    *

"3. De una providencia concediendo o denegando un nuevo juicio;
concediendo o anulando un *injunction;* negándose a conceder o anu-
lar un *injunction;* anulando o negándose a anular un embargo; con-
cediendo o negándose a conceder un cambio de lugar para la cele-
bración del juicio; de una providencia especial dictada después de
una sentencia definitiva; y de una sentencia interlocutoria en pleitos
sobre partición de propiedad real, dentro de los diez días de dictada
la providencia o sentencia interlocutoria y de anotada la misma en
el libro de actas de la corte, o de archivada en la secretaría."

En contestación a esta moción insiste el apelante en que
la resolución apelada es una sentencia definitiva en un pro-

cedimiento especial según el significado del párrafo 1 de dicho artículo.

Los artículos 55 al 57, inclusive, de la Ley de Procedimientos Legales Especiales que regulan el procedimiento en casos de esta índole, prescriben lo siguiente:

"Artículo 55.—Cuando el albacea o administrador haya terminado la liquidación de los bienes, renuncie o sea separado, o por cualquier otra causa cese en el desempeño de su cargo, deberá presentar a la corte una cuenta final jurada, y acompañada de los recibos y resguardos correspondientes, la cual también se pondrá de manifiesto para su inspección. Al presentarse dicha cuenta final se citará a todas las partes interesadas en el caudal a fin de que puedan presenciar la liquidación final de sus cuentas y se les devuelva o cancele la fianza que hubieren prestado.

"Artículo 56.—Si pasados ocho días después de presentada la citación decretada por un juez de dicha corte ninguna de las partes hubiese hecho oposición a las cuentas, la corte de distrito si en su opinión dichas cuentas son justas y correctas, dictará auto aprobándolas y declarando exento de responsabilidad al administrador, y cancelará la fianza que hubiere constituído. Si las cuentas fueren impugnadas, se sustanciará la impugnación y se admitirán pruebas en una vista del caso y se aprobarán o desaprobarán aquéllas según el resultado de la vista.

"Artículo 57.—La corte de distrito dictará auto definitivo, bien aprobando la cuenta presentada, o haciendo en ella modificaciones y alteraciones, con cargo al albacea o administrador, que el derecho y la justicia reclamen, contra dicho auto podrá interponerse recurso de apelación."

Admitiendo que cualquiera, o ambas de las resoluciones de fecha diciembre 27, 1915, y enero 31, 1916, fueran definitivas, como parece fué la intención y modo de entenderlas de la corte de distrito, indudablemente que una resolución dictada un año después para considerar nuevamente cuestiones que al parecer ya habían sido resueltas por dichas anteriores órdenes no puede considerarse de modo alguno como una sentencia definitiva, y a *fortiori* la resolución contra la cual se ha interpuesto apelación en este caso negándose a reconsiderar la imposición de términos por virtud de los cuales fué concedida

la reconsideración de las cuentas de Cautiño para su arreglo definitivo, difícilmente puede decirse que es una sentencia definitiva.   Semejante acción por parte de la corte de distrito, solicitada por el apelante y de que ahora se queja, de producir algún efecto es únicamente el de iniciar de nuevo este aspecto del procedimiento especial envuelto en este caso, no pudiendo ser considerada bajo ninguna hipótesis razonable que constituye una resolución final de la cuestión en discusión.

Puesto que la apelación no fué perfeccionada dentro de los diez días concedidos por el párrafo 3 del artículo 295, no tenemos necesidad de considerar hasta qué punto debió de otro modo ser oído el apelante basándose en la teoría por la que se concede o deniega un nuevo juicio, o de una orden especial después de dictada sentencia definitiva.

Como quiera que se considere la cuestión y sin hacer referencia a los méritos de la apelación, ésta debe ser desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.